IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME L. GRIMES                         *

Plaintiff,                               *

   v.                                 *  Civil Action No. PX-17-3336

DR. VANTELAS                             *
DR. RAHEJA
AIMEE FRANKENBERGER                      *
HENRY C.C. QUERTON
HEZEKIAH ODI                             *
MONTGOMERY COUNTY POLICE
  OFFICER PICCO                         *
PUBLIC DEFENDER FLANNERY
JOANNE M. STEIN                          *
DR. MURUDI MUNGAI
                                         *
Defendants.
                                              *****

MEMORANDUM

On or about August 24, 2017, a complaint and motion to proceed in forma pauperis were filed by Jerome L. Grimes in the United States District Court for the District of Columbia. ECF Nos. 1 & 2. The case was transferred to this Court and received electronically on November 14, 2017. ECF No. 3 & 4. At the time he filed this action Grimes, who is self-represented, was a patient at the Springfield Hospital Center ("SHC") in Sykesville, Maryland. According to another cause of action filed in November, 2017, Grimes was discharged from SHC and is a resident of Florida. *See Grimes v. Farmer, et al.*, Civil action No. PX-17-3365 (D. Md.). As he appears indigent, the indigency motion shall be granted.[1]

---

[1] Examination of the Public Access to Court Electronic Records ("PACER") reveals that Grimes has filed hundreds of cases in the federal courts throughout the country and is ineligible to proceed in forma pauperis in federal court with civil actions filed while he is

As best as this court can discern from his writings, Grimes first invokes 42 U.S.C. § 1983 to allege "invasion of privacy," "co-kidnapping," "oil theft terror," "parcel squatting," and "alpine and carson sections terror at San Quentin State Prison." ECF No. 1. He seeks $77,000.00 in damages. On the second page of his filing, however, Grimes requests release from SHC, claiming he is illegally and falsely confined.[2] *Id*. at p. 2.

The state court docket reveals there were eight Montgomery County traffic cases involving Grimes in 2016. In addition, on February 26, 2017, a warrant was issued for Grimes on counts of arson/threat and making a false statement with regard to a destructive device. *See State v. Grimes*, Case No. 5D00368618 (District Court for Montgomery County). On May 11, 2017, the case was transferred to the Circuit Court for Montgomery County, where on July 12, 2017, Grimes pleaded guilty to one count of telephone misuse and was sentenced to a three years imprisonment, all suspended, with 105 days credit for time served, and one year probation. *See State v. Grimes*, Case Number 131689C.[3]

The instant incoherent complaint, generously construed, fails to state a claim for relief as pleaded. Indeed it is replete with nonsensical legal conclusions that reference a "conspiracy" and

---

incarcerated under the three-strikes provision of 28 U.S.C. § 1915(g). As Grimes is no longer detained, however, he is not currently subject to the § 1915(g) bar.

[2] To the extent that Grimes is alleging that his involuntary commitment to SHC is illegal, this issue is the subject of a habeas corpus petition filed by Grimes and briefed by the parties. *See Grimes v. Spring Grove Hospital Center*, Civil Action No. PX-17-2189 (D. Md.). On January 10, 2018, the petition was denied as moot due to Grimes' release from SHC. *Id*., ECF No. 5. This claim will not be considered here and shall be dismissed without prejudice.

[3] *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

"terror" activities on a land parcel, a California prison, and an Oakland, California hotel.[4] The case will not proceed. Accordingly, Grimes' motion to proceed in forma pauperis shall be granted and the complaint shall be dismissed without prejudice by separate Order.

Date: January , 2018                                  /S/
                                             Paula Xinis
                                             United States District Judge

---

[4] In light of Grimes' filing history in the courts, I do not believe that granting him additional time to amend or supplement his conclusory statements would be beneficial.